IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRA MARTINEZ, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ENERGIZER HOLDINGS, INC., et al.,<br><br>Defendants.<br>_____/ | 1:12-cv-01802-AWI-SKO<br><br>**ORDER RE: MOTION FOR RECONSIDERATION OR CERTIFICATION FOR INTERLOCUTORY APPEAL**<br><br>(Doc. 51) |

The Court refers the parties to previous orders for a complete chronology of the proceedings. On August 1, 2013, the Court issued an order (doc. 50) granting in part and denying in part the motion (doc. 19) of defendants Energizer Holdings, Inc., et al. (collectively, "Defendants") to dismiss the amended complaint (doc. 11) of plaintiff Alejandra Martinez ("Plaintiff"). In that order, the Court found, *inter alia*, that (1) Plaintiff's claims were neither preempted by federal law nor subject to dismissal under the doctrine of primary jurisdiction and (2) Plaintiff had sufficiently alleged standing to pursue claims for products she did not purchase but which were

1

substantially similar to products she did purchase.  On August 20, 2013, Defendants filed a motion for reconsideration of the Court's August 1, 2013 order or certification for interlocutory appeal in the alternative.  Plaintiff filed her opposition to Defendants' motion on September 9, 2013.  Defendants filed their reply to Plaintiff's opposition on September 16, 2013.

"Whenever any motion has been granted or denied in whole or in part, and a subsequent motion for reconsideration is made upon the same or any alleged different set of facts, counsel shall present to the Judge or Magistrate Judge to whom such subsequent motion is made an affidavit or brief, as appropriate, setting forth the material facts and circumstances surrounding each motion for which reconsideration is sought, including [¶] (1) when and to what Judge or Magistrate Judge the prior motion was made; [¶] (2) what ruling, decision, or order was made thereon; [¶] (3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and [¶] (4) why the facts or circumstances were not shown at the time of the prior motion."  Local Rule 230(j).  Reconsideration of motions may also be granted under the standards applicable to reconsideration of a final judgment under Federal Rule of Civil Procedure 59(e).  Under Rule 59(e), "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.  There may also be other, highly unusual, circumstances warranting reconsideration."  *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted).  Having reviewed the pleadings of record and all competent and admissible evidence submitted, the Court finds Defendants have failed to meet the foregoing standard for reconsideration.  Accordingly, Defendants' motion for reconsideration of the Court's August 1, 2013 order is DENIED.

Certification of interlocutory appeals is governed by 28 U.S.C. § 1292, which provides in pertinent part: "When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves [1] a controlling question of law as to which there is [2] substantial ground for difference of opinion and that an immediate appeal from the order may [3] materially advance the ultimate termination of the litigation, he shall so state in writing in such order." 28 U.S.C. § 1292(b).  The moving party has the burden of demonstrating certification is appropriate, *Couch v. Telescope, Inc.,* 611 F.3d 629, 633 (9th Cir. 2010), but even if the requirements are met, the decision to grant certification is within the discretion of the district court. *Bachowski v. Usery,* 545 F.2d 363, 368 (3d Cir. 1976). Having reviewed the pleadings of record and all competent and admissible evidence submitted, the Court finds Defendants have failed to meet their burden to show all three criteria justifying an interlocutory appeal are satisfied here.  Accordingly, Defendants' alternative motion to certify the Court's August 1, 2013 order for interlocutory appeal is likewise DENIED.

IT IS SO ORDERED.

Dated:   October 8, 2013

SENIOR DISTRICT JUDGE

3